JOSEPH H. BLAND, Adm'r, of B. W. THOMAS, *v.* WINSHIP HARTSOE and wife and others.

If an administrator has properly sold a horse, belonging to the estate of his intestate and taken a note therefor, he may nevertheless rescind the sale and take back the horse, provided he does it *bona fide* because he suspects the solvency of the parties to the note, but in such case he must sell the horse again immediately, or he will be held liable for his value at the time; and he must, if he can, collect from the first purchaser what the use of the horse was worth to him while in his possession, or be held liable for that also.

An administrator has no right to an order for the sale of land for the payment of the debts of his intestate until the personal estate is exhausted, and if he has made a distribution of part of the personal effects among the next of kin, the value of such effects must be charged against him, in taking an account for the purpose of ascertaining whether he has exhausted the personal estate of his intestate. And the same rule will apply as to personal effects advanced to the widow as a distributee, but not to such as she may take for her year's provisions.

This was a petition by the plaintiff as administrator of W. B. Thomas, in the Court of Probate for the County of CHATHAM, for the purpose of obtaining an order to sell the land of his intestate wherewith to pay the debts of the estate. The heirs at law were made parties defendants, and filed answers in which it was insisted that the personal effects of the intestate were sufficient for the payment of the debts of his estate, and that the sale of the land was unnecessary for that purpose. A reference for an account was made by the Judge of Probate, and upon the coming in of the report of the referee, exceptions were filed to it by the defendant, the first of which was sustained and the others overruled, whereupon the plaintiff appealed to the Judge of the Superior Court; and the appeal coming on to be heard before him (*Tourgee, J.*) at Chambers, on the 18th Nov., 1870, he affirmed the judgment of the Court of Probate, and the plaintiff appealed to the Supreme Court. A sufficient statement of the case will be found in the opinion of the Court.

*Phillips & Merrimon,* for the plaintiff.
*H. A. London,* for the defendants.

RODMAN, J.  By the law of North Carolina the personal estate of an intestate must be first applied to the payment of his debts.  It is only when that proves insufficient that an administrator can obtain an order to sell the real estate. In this case it is not alleged that the administrator has exhausted the personal estate in the payment of debts; he says that he gave a part of it to the distributees, and the Clerk so finds.

The defendants (who are the heirs of the intestate) except to the report of the Clerk, because:

1.  He does not charge the administrator with the note given for a certain horse that was sold by the administrator; or

2.  With the value of the horse.

The facts about the horse seem to be, that the administrator sold him and took a note with sureties for the price; the sureties afterwards became alarmed, and threatened not to pay, and the administrator became doubtful about the solvency of the note he had taken; he therefore agreed with the purchaser to rescind the sale, and surrendered the note, and took back the horse.

We think that if the administrator acted fairly and honestly according to his judgment as to what was for the interest of the estate in rescinding the sale, which does not seem be to disputed, he cannot be held liable for the amount of the note.  Much discretion must be allowed to a trustee who acts in good faith, and many errors of judgment overlooked. But if the circumstances justified the administrator in taking back the horse, we see in the evidence no reason why he did not immediately sell him again.  We think that he is properly chargable with the value of the horse at the time he took him back; and also with the value of his use while in the possession of the vendee, provided he could have recov-

·ered such value, which it does not seem that he ever made any effort to do. The first exception is overruled, the second is sustained.

3. He does not charge the administrator with the value of 648 bushels of corn divided among the distributees. The distribution of the personalty before the payment of the debts was an act which the administrator did at his own peril. Whatever his rights may be against the persons to whom he made the distribution, or whether he has any right to recover back from them, we do not undertake to say. But it is clear, that he cannot make the heirs, who are, or may be, different persons from the distributees, or who at least take in different proportions, and in a different right, the sufferers by his unauthorized act. He cannot change the course of administration and make the land the primary fund for the payment of the debts. This exception is sustained.

4. That he does not charge the administrator with the corn delivered to the widow. .

If the corn was delivered to the widow, as a distributee, the observations under exception 3, apply. It may be, however, that it was delivered to her for her year's provisions, which she takes paramount to creditors. In that case there would be no misappropriation. Consequently this exception is neither overruled or sustained.

There is error in the judgment below, and the case is remanded in order that it may be proceeded in, conformably to this opinion.

The plaintiff will pay the costs of this Court.

PER CURIAM.                          Judgment reversed.