JAMES F. LATHAM *v.* NOAH BELL.

Where an administrator wastes the personal assets and does not apply them to the payment of the debts of his intestate, and then is removed for misconduct and another person is appointed administrator *de bonis non*, the latter must sue on the bond of the former administrator, if the sureties thereon are solvent, before he can apply by petition for the sale of the land of the intestate.

The case of *Badger* v. *Jones*, 66 N. C. Rep. 305, cited and approved

This was a PETITION by an administrator *de bonis non* to sell real estate for the payment of the debts of the intestate. The defendant, Noah Bell, was made a party and opposed the petition, and the case was brought in a regular manner before his Honor, *Moore, J.,* at the Spring Term, 1873, of the Superior Court of BEAUFORT county, where the following was submitted to him as a case agreed:

In the year 1869 Aquilla Davis died intestate, leaving: real property, and also personal property sufficient to pay his debts.   On the 7th December, 1860, R. D. Davis was appointed administrator and took possession of the personal property sufficient to pay the debts of his intestate as was shown by an inventory returned to the Probate Court, on 4th day of January, 1871.   R. D. Davis wasted the personal property by not applying it to the payment of debts.   He is also sole heir and distributee of Aquilla Davis, and to him descended the land described in the petition, and he within two years after the death of his intestate and ancestor, to-wit: on the 7th day of January, 1870, sold the land to the defendant, Noah Bell for valuable consideration, the sale being *bona fide* and for value.   R. D. Davis, gave bond upon taken out letters of administration.   On the 16th of January, 1871, the said Davis was removed from his office of administrator for waste and mismanagement, and the petitioner was appointed administrator *de bonis non* of the said intestate, and then filed this petition to sell the land for the purpose of paying the intestate's debts.   His Honor decided that the point raised by the interpleader, Noah Bell, viz: that the plaintiff should have first proceeded on the bond of the former administrator, or have alleged its insolvency, before the land could be subjected to the payment of the intestate's debts was good, and dismissed the petition at the costs of the plaintiff, from which judgment he appealed.

*Warren & Carter*, for the plaintiff.
*Satterthwaite & Brown*, for the defendant.

READE, J.   In *Badger* v. *Jones & Watson*, 65 N. C. Rep. 305, it is said that "for *devastavit* on the part of the previous administrator, the administrator *de bonis non* ought to recover the value of the goods and effects wasted by an action on the bond of his predecessor."   That is decisive of this

case. It is true that in the case cited the administrator *de bonis non* was allowed to sell the land without a suit upon the bond for the *devastavit* of personal property; but that was put expressly on the ground that the sureties to the bond were insolvent, which is not alleged in the case before us.

There is no error.

PER CURIAM.                                Judgment affirmed.