The defendants excepted to the rulings of the Judge on the trial below, and appealed from his Honor's order, for the sale of the lands, as prayed in the complaint of the plaintiffs. In regard to this point, the only one noticed in this Court, all the facts necessary to an understanding thereof, are set out in the opinion of Justice READE.
James S. Byers died in 1863, leaving personal property enough to pay all his debts, which, however, he bequeathed to divers persons. And his executor, Washington Byers, delivered over the property to the legatees, without paying the debts. In 1870, the executor was removed, and the plaintiff, Carlton was appointed administratorde bonis non, with the will annexed, and brought this action for license to sell the real estate of the estator, which had been devised to the defendants. The defendants resisted the order of sale upon the grounds, (692)
1. That it appeared from the complaint that the executor, Washington Byers, gave bond, with sureties, for the faithful administration of the assets, and that one of the sureties was solvent; and, therefore, the plaintiff ought first to have sued upon the bond.
That position is well taken; and is supported by Latham v. Bell,69 N.C. 135 and the cases there cited.
2. For a further defence, the defendants allege that their land ought not to be sold, because the personal estate was previously liable, and that the creditors colluded with the executor by bringing suits against him, and fraudulently consenting to have the plea of no assets found for him; and that by said collusion, and by long delay, they have continued to deprive the defendants of the right which they had, to have the personal estate applied to the debt in exoneration of their lands.
The fact is stated in the case for this Court, that the executor did assent to all the legacies of personal property but the alleged fact of the collusion of the creditors is not stated, and seems not to have been passed upon. Supposing the fact to exist, and that it would avail the defendant, it would seem that the creditors ought to be parties. But it is unnecessary for us to pursue the matter farther, as the first point is decisive against the application for license to sell, which is the only question now before us. The order directing a sale is reversed, *Page 556 
and the case is remanded, that the parties may proceed as they may be advised.
Whether there should be a motion to dismiss; or a motion to continue until an action can be instituted against the solvent surety to the bond of the executor; or whether the creditors must resort to their action against the defendants as devisees of the land, or be brought in as parties to this action and answer the alleged fraud and collusion, are questions which have presented themselves, but which the meagre [meager] facts do not enable us satisfactorily to decide, if it were necessary (693) that we should.
Order of sale reversed and the cause remanded and this opinion certified.
PER CURIAM. Order reversed.
Lilly v. Wooley, 94 N.C. 415; Tulburt v. Hollar, 102 N.C. 409; Clementv. Cozart, 107 N.C. 700.