The report of the Commissioner, to whom it had been referred to state an account of the personal assets and of their administration, belonging to the estate of the plaintiff's intestate, was filed with the defendant's exception thereto, and before there was any determination concerning the same, or any adjudication thereon, the Court ordered a sale of the land. From this order the defendants appealed.
The plaintiff, administrator, files a petition against the heirs for license to sell real estate for assets to pay debts. The heirs, *Page 296 
defendants, answer that the personal estate is more than sufficient for that purpose. His Honor refers it to a Commissioner to take an account, and pending the controversy about the sufficiency of the personal estate, his Honor orders a sale of the land, and closes his order as follows:
"This is signed by me upon the necessity shown for a sale, and not as a confirmation of any account stated by the Commissioner (370) so as to prejudice the heirs-at-law in any subsequent settlement of accounts with the said administrator."
This is manifestly erroneous. The "necessity for the sale of the land" can appear only by taking the account and showing the personal estate to be insufficient. Sell the land and settle the accounts afterwards, says his Honor. That is reversing the order of things, settle the accounts first, and then sell the land, if the personal estate is insufficient to pay the debts. And if there has been a devastavit, then the administration land must be embraced. Latham v. Bell, 69 N.C. 135.
There is error. Let this be certified.
PER CURIAM. Order reversed.