ALFRED THOMPSON, Adm'r., &c. *v.* ANDREW J. JOYNER and wife and others.

Pending a reference to a Commissioner, to state an account of the personal assets in the hands of an administrator, in the latter's petition to make real estate assets, and before a confirmation of the report of such Commissioner, *it is error* for the presiding Judge to order a sale of the land.

(*Latham* v. *Bell*, 69 N. C. Rep. 135, cited and approved.)

This was a PETITION by the plaintiff, as administrator, to sell the land of his intestate for assets, filed in the Probate Court of NASH county, in which the sale was refused, when the administrator appealed to the Superior Court of said county, where it was heard at Spring Term, 1874, before his Honor *Judge Watts.*

The report of the Commissioner, to whom it had been referred to state an account of the personal assets and of their administration, belonging to the estate of the plaintiff's intestate, was filed with the defendant's exception thereto, and before there was any determination concerning the same, or any adjudication thereon, the Court ordered a sale of the land. From this order the defendants appealed.

*Battle & Son,* for appellants.
*Moore & Gatling,* contra.

READE, J. The plaintiff, administrator, files a petition against the heirs for license to sell real estate for assets to pay debts. The heirs, defendants, answer that the personal estate is more than sufficient for that purpose. His Honor refers it to a Commissioner to take an account, and pending the controversy about the sufficiency of the personal estate, his Honor orders a sale of the land, and closes his order as follows :

"This is signed by me upon the necessity shown for a sale, and not as a confirmation of any account stated by the Com-

missioner so as to prejudice the heirs-at-law in any subsequent settlement of accounts with the said administrator.

This is manifestly erroneous. The "necessity for the sale of the land" can appear only by taking the account and showing the personal estate to be insufficient. Sell the land and settle the accounts afterwards, says his Honor. That is reversing the order of things, settle the accounts first, and then sell the land, if the personal estate is insufficient to pay the debts. And if there has been a *devastavit*, then the administration land must be embraced. *Latham* v. *Bell*, 69 N. C. Rep. 135.

There is error. Let this be certified.

PER CURIAM.                                        Order reversed.