W. H. & J. G. SHIELDS, Executors, v. W. O. McDOWELL and others.

*Petition to Sell Land for Assets—Necessary Averments.*

On petition to sell land of a decedent to pay debts, the administrator must satisfy the court, *either* that the personal estate has been exhausted and other debts are due, *or* that it will be clearly insufficient for that purpose.

(*Wiley* v. *Wiley*, 63 N C., 182; *Bland* v. *Harstoe*, 65 N. C., 204; *Finger* v. *Finger*, 64 N. C., 183 cited, distinguished and approved.)

SPECIAL PROCEEDING commenced in the Probate Court of HALIFAX and heard on appeal on the 12th of December, 1879, before *Seymour, J.*

The plaintiff executors seek to subject the land of their testator to the payment of debts. The defendants demurred. Demurrer sustained by the clerk, but overruled by the judge, and the defendants appealed.

*Mr. Thomas N. Hill*, for the plaintiffs.
No counsel for the defendants.

DILLARD, J. The plaintiffs, as executors of Chas. C. Shields and part of the devisees of the testator, filed their petition in the probate court against the defendants who are co-devisees with the plaintiffs, for a license to sell the land devised for assets to pay the debts of the testator.

The defendants demur to the petition, and specially assign as the ground thereof that the plaintiffs do not allege that they have exhausted the personalty of their testator. The demurrer was sustained by the judge of probate, and on appeal to the superior court his judgment was reversed and an order made that the probate judge proceed to decree a sale of the land according to the prayer of the petition, and

from this judgment of the superior court the appeal is taken.

The facts stated in the petition are, that the outstanding unpaid debts against the estate are $2,500, the personal estate $1,000, and of this last sum $400 has been applied in a due course of administration. The legal effect of the demurrer is to admit these facts and the insufficiency, thereon apparent, of the personal estate, when it is all applied, to pay the debts. But the special ground of demurrer assigned tenders the legal proposition that upon the case as set forth in the petition, the petitioners have no authority to ask, nor the probate court any jurisdiction to grant a license for the sale of the land for assets until the personal estate has been exhausted, that is to say, until the application of the $600, which is stated in the petition to be still on hand.

The statute on the subject of the sale of land for assets provides, that " when the personal estate of a deceased is *insufficient* to pay all his debts, including the charges of administration, the executor, administrator or collector may, *at any time after* the grant of letters, apply to the superior court of the county where the land lies, by petition, to sell the real property for the payment of the debts of such decedent." And the petition filed for the purpose is required to set forth : 1. The amount of debts outstanding against the estate. 2. The value of the personal estate and the application thereof. 3. A description of the real estate and estimated value, together with the names, ages and residences of the devisees and heirs-at-law. Bat. Rev., ch. 45, §§ 61, 62.

The personal estate in law is the primary fund and land is the secondary fund for the payment of debts, and the design of the act giving authority to the personal representative to sell and administer on the proceeds of lands in the requisites prescribed to a petition for a license to sell, evidently is to inform the court of the condition of the estate

with reference to its debts and the value and application of the personal estate, so that it may be seen that the personal estate is insufficient to pay the debts. If a petition be drawn in accordance with these requirements so as to show the insufficiency of the personal fund, the necessity to resort to the real estate to supply the deficiency will then be apparent, and in such case it would seem that such petition was legally sufficient.

The act in requiring a statement of the value and application of the personal estate does not require that the *whole* shall be applied before the application for license is made. Its terms will be complied with by an averment, as in this case of the amount and of the application of the assets so far as made, and then by easy computation it can definitely be seen what is on hand unapplied, and what the deficiency will be to meet the outstanding debts, and this is all that is needed to enable the court to pass on the necessity to sell the land.

The insufficiency of the personal estate of a decedent to pay his debts is the essential fact that originates the duty in the personal representative to apply for a license to sell land for assets, and it equally gives rise to the jurisdiction and power in the probate court to grant it, and if such insufficiency exist, it matters not whether it is made to appear before or after an application of the whole fund. In the case of insufficiency, the statute provides in so many words that the personal representative *may at any time after the grant of letters apply* for the license. Bat. Rev., ch. 45, § 61. Construing this section in connection with the clause of the section requiring a statement in the petition of the amount of the personalty and its application, we think the meaning of the statute is that the power and duty to apply for a license exist whenever such insufficiency occurs and can be shown forth in the petition, whether presently or remotely

after the grant of letters, or before or after a full application of the personal assets.

This construction of the statute accords with the practice and general understanding in the legal profession, and leads to an early settlement of administrators, which is so much favored in the law, and subjects creditors to no unjust delay in the collection of their claims, and no decisions can be found to the contrary. In some of the cases, for example, in *Wiley* v. *Wiley*, 63 N. C., 182, and *Bland* v. *Hartsoe*, 65 N. C., 204, the expression is used that no authority exists to decree a sale of land for assets until the personal estate is exhausted, but on examination that language was aptly used, as the petition disclosed that assets came or ought to have come to hand sufficient to pay the debts, but were diverted by *devastavit*, or distribution, to the next of kin. The true rule, in our opinion, is laid down in the case of *Finger* v. *Finger*, 64 N. C., 183, wherein the court say: " On a petition to sell lands of a deceased person the administrator must satisfy the court either that the personal estate has been exhausted in the payment of debts and that others are due, or that it will be clearly insufficient for that purpose."

In our opinion the insufficiency of the personal assets to pay the debts of plaintiffs' testator and the extent thereof, being made clearly to appear in the allegations of the petition, a case was made authorizing the license prayed for, notwithstanding a portion of the assets was still in the hands of the executors not applied to the debts, and that His Honor's judgment reversing the action of the probate judge was correct.

Let this be certified to the superior court to the end that a *procedendo* as ordered may issue to the probate court to proceed upon the petition to order the sale as prayed for.

No error.                               Affirmed.