J. H. BLOUNT, Adm'r, v. WILLIAM PRITCHARD and others.

*Executors and Administrators—Petition to sell land for assets.*

1. A petition to sell land for assets must contain the essential statement that there is an *insufficiency of assets* to pay the decedent's debts, together with

the amount of debts and the value of the personal estate, as far as can be ascertained.

2. The petition may be filed at any time after the administrator ascertains that there is an insufficiency of assets.

3. License to sell may be granted, even if there has been no application of the personal estate to the debts; but if there has been an application, the petition should so state.

(*Wiley* v. *Wiley*, 63 N. C., 182; *Bland* v. *Hartsoe*, 65 N. C., 294; *Graham* v. *Little*, 5 Ired. Eq., 407; *Finger* v. *Finger*, 64 N. C., 183; *Shields* v. *McDowell*, 82 N. C., 137, cited, distinguished and approved).

SPECIAL PROCEEDING commenced before the probate court and heard upon demurrer at Spring Term, 1882, of PASQUO-TANK Superior Court, before *McKoy, J.*

The plaintiff, as administrator of J. C. Pritchard, deceased, seeks to sell the land of his intestate for the payment of debts, and filed his petition against the heirs of the intestate in the probate court for Pasquotank county, for license to sell the lands descended to them.

The petition states, "that the debts outstanding against the estate of the said J. C. Pritchard amount to about nine hundred dollars, and that the value of the personal property belonging to the estate is not more than five hundred dollars. The defendants demur to the petition and assign as causes thereof:

1. That the petition does not show the application of the personal estate to the debts of the plaintiff's intestate.

2. That it does not show that the personal estate of the intestate has been exhausted.

3. That it does not show that the personal estate has been made assets according to law.

The demurrer was overruled and the defendants appealed.

*Messrs. Pruden & Shaw,* for plaintiff.
*Messrs. Grandy & Aydelett,* for defendants.

ASHE, J. The statute authorizing the sale of land to make assets for the payment of debts (Bat. Rev., ch. 45, § 61) provides,

that when the personal estate of a decedent is insufficient to pay all his debts, including the charges of administration, the executor, administrator or collector may, at any time after the grant of letters, apply to the superior court of the county where the land or some part thereof is situated, by petition, to sell the real property for the payment of the debts of such decedent.

SEC. 62. The petition, which must be verified by the oath of the applicant, shall set forth, *as far as can be ascertained,*

1. The amount of debts outstanding against the estate.

2. The value of the personal estate and the application thereof.

3. A description of the legal and equitable real estate of the decedent, with the estimated value of the respective portions or lots.

4. The names, ages, and residences, if known, of the devisees and heirs-at-law of the decedent.

The cases of *Wiley* v. *Wiley*, 63 N. C., 182, *Bland* v. *Hartsoe*, 65 N. C., 204, relied upon by the defendant to support his demurrer, upon the ground that the petition does not state that the personal estate had been exhausted, were cases where the executor or administrator had been guilty of a *devastavit*, and the case of *Graham* v. *Little*, 5 Ired. Eq., 407, also cited for the same purpose, was a case where the testator had authorized his executors to sell any part of his real estate that they might think proper, and the executors sold the land and applied a part of the proceeds to the payment of the debts; it was held they had no right to do so, for that, the land not being charged with the payment of the debts, the personal estate must first be exhausted before they could resort to the land. In all of these cases, it was not made to appear that the personal estate, if properly administered, was insufficient to pay the debts.

It is the insufficiency of the personal estate of a decedent to pay his debts which is the essential fact that gives jurisdiction to the probate court, and imposes upon the representative the duty of applying for leave to sell the real property.

In *Finger* v. *Finger*, 64 N. C., 183, it is held that "on a petition to sell lands of a deceased person, the administrator must satisfy the court, either that the personal estate has been exhausted in the payment of debts, and that others are due, or that it will be clearly insufficient for that purpose."

In *Shields* v. *McDowell*, 82 N. C., 137, Judge DILLARD says, in relation to Bat. Rev., ch. 45, § 61 : "In construing this section, in connection with the clause of the section requiring a statement in the petition of the amount of the personalty and its application, we think the meaning of the statute is, that the power and duty to apply for a license exist whenever insufficiency occurs, and can be shown forth in the petition, whether presently or remotely, after the grant of letters, or before or after a full application of the personal assets." In that case there had been an application, in part, of the assets of the testator to his debts, and the judge was no doubt speaking in reference to the facts of the case, when he said license to sell might be granted "before or after a full application of the personal assets." For we think the proper construction of the statute is, that license may be granted even if there has been no application of the assets; but if there has been an application, it should be stated that the court may see that there has not been a misapplication.

The statute expressly provides that in case of an insufficiency of assets, the personal representative may *at any time* after the grant of letters, apply for the license; and if he may apply *at any time*, he may do so just so soon as he ascertains there is an insufficiency, and before he can possibly convert the personal estate into money, and make an application of it to the debts. As under the present plan of administration the assets must be applied *pro rata* to the several classes of debts according to their priorities, we do not well see how any application can be safely made, before an administrator ascertains what amount of assets he will have to apply.

The main and essential fact to be stated in the petition is, that there is an *insufficiency of assets* to pay the debts, and that the

court may know this, the statute requires a statement of the amount of the debts and the value of the personal estate; but these statements are not required to be made with exact particularity, but only "*as far as can be ascertained*," for these italicized words used in section 62, according to grammatical construction, qualify each of the sub-divisions of that section.

There is no error in His Honor's judgment in overruling the demurrer.

Let this be certified to the superior court of Pasquotank, to the end that a *procedendo* may be issued to the probate court of that county, to proceed upon the petition for the sale of the land as prayed for.

No error.                                         Affirmed.