J. N. TULBURT et al. v. ISRAEL HOLLAR, Adm'r., et al.

*Administrators, Resignation and Removal of—Probate Court, Jurisdiction of—Administrator d. b. n. Only can Sue for Unadministered Assets of Intestate—The Code, §§ 103, 1521, 1517, 1518.*

1. In 1869 an administrator, in proceedings pending in the Probate Court, resigned, with the permission of the Court, and administrator *d. b. n.* was appointed and duly qualified. In 1887 the next of kin of the intestate brought an action on the bond of the original administrator, alleging breaches of the bond and for an account and .settlement : *Held,* that accepting the resignation of the administrator and appointing his successor, having been done in proceedings duly instituted, and there having been no exceptions filed or appeal taken, it was too late to disturb the judgment of the Probate Court after the lapse of nearly twenty years.

2. The Probate Court in 1869 (and *semble* the Clerk now) had the power, for good and sufficient cause, to remove an administrator; or for like cause, as necessarily equivalent, to permit him to resign his trust.

3. However it may be held elsewhere, it is well settled that in this State an action against a former administrator or his bond must be brought by an administrator *d. b. n.*, and not by the next of kin, distributees or creditors of the intestate.

CIVIL ACTION, tried before *Clark, J.,* at March Term, 1888, of the Superior Court of WILKES County.

This action was commenced January 14, 1887.

The material facts are as follows :

J. W. Tulburt died intestate in Wilkes County in 1865, and the plaintiffs are his next of kin and distributees. In October, 1865, the defendant, Israel Hollar, was duly appointed administrator of said Tulburt, and executed his bond as such, with Noah Brown, the intestate of the defendant Jarvis, as his surety, and this action is brought by the plaintiffs, alleging breaches of the administration bond, and demanding an account and settlement.

The defendants answer, admitting the death of J. W. Tulburt and the appointment of Hollar as his administrator, and the execution of the bond, but denying the alleged breaches, or that there is anything due from the defendant Hollar to the plaintiffs. For a further defence, they say that in 1869 the letters of administration to the defendant Hollar were revoked by the Probate Court of Wilkes County, and, at the request of the next of kin and the widow of said Tulburt, he was removed by the Court from said office of administrator, and has not acted as such since; that upon his removal, and at the same time, one F. D. Welborn (who had married the widow of the intestate) was duly appointed by the Court administrator in his stead, and executed his bond as such, and within a few 'days thereafter the defendant Hollar made a full settlement with the Court and with said F. D. Welborn, as the substituted administrator, and paid and delivered over to him, as such administrator, the whole of the estate of J. W. Tulburt, deceased, which had come or ought to have come into his hands, and thereafter the said Welborn held and administered the same; that said Welborn died about three years before the bringing of this action.

The defendants insist that the plaintiffs cannot maintain this action:

" 1. Because no administrator *de bonis non*, or other representative of the estate of J. W. Tulburt, is a party plaintiff.

" 2. Because Mary W. Welborn, who is still living and is (was) the widow of said J. W. Tulburt, and entitled to a part of his personal estate, is not a party.

" 3. Because of the great lapse of time," &c.

The following was the evidence:

The docket of the Judge of Probate, from which this entry appears:

" Court of Probate, May 21, 1869. Israel Hollar resigns his administration on the estate of J. W. Tulburt, and, on account of his going to remove permanently beyond the

limits of the State, one of defendants applies for letters of administration *de bonis non* on the said estate, and he having entered into bond in the sum of $600, with J. J. Foster, J. H. Thompson and R. F. Hacket as sureties, the said bond is accepted and him duly qualified "

It was also admitted that said Hollar intended to remove when such proceedings were had, but did not do so, and is yet alive.

F. D. Welborn acted as administrator seventeen years, and is now dead.

Upon this evidence his Honor intimated an opinion that the plaintiffs could not get along without making the administrator *de bonis non* of J. W. Tulburt, deceased, a party.

In deference to his Honor's opinion, the plaintiffs submitted to a judgment of nonsuit, and appealed.

*Mr. W. W. Barber,* for the plaintiffs.
*Mr. R. B. Glenn,* for the defendants.

DAVIS, J. (after stating the facts). We have not been favored with any argument on behalf of the appellants, but it is suggested that the action is brought against the defendant Hollar and the surety on his bond upon the assumption that he had no right to resign as administrator, and that the appointment of Welborn was void, and, therefore, no administrator *de bonis non* could be appointed.

In *Washington* v. *Blount,* 8 Ired. Eq., 253, it is said that an executor, after having accepted and entered upon the discharge of his trust, cannot resign, but can "only be removed upon a suggestion of unfitness or unfaithfulness."

However that may have been with regard to executors, and, assuming it to have applied to administrators, we are not called upon to determine whether the removal of an executor or administrator from the State would not constitute such "unfitness" or disqualification as would justify

his removal; and a resignation and acceptance, and the appointment of a successor, can have no other practical effect than a removal or revocation of letters.

Section 103 of *The Code,* which confers upon Clerks of the Superior Courts power "to grant letters testamentary and of administration," also confers upon them the power "to revoke letters testamentary and of administration." By section 1521, it is made the duty of Clerks, in all cases of revocation, to "appoint some other person to succeed in the administration, &c." Section 1517 enacts that, "whenever the letters of an executor, administrator or collector are revoked, his bond may be prosecuted by the person or persons succeeding to the administration of the estate," &c., and an action, even if pending against the removed executor or administrator, can only be continued against him within the limitations prescribed in section 1514. ·

In *Taylor, Adm'r,* v. *Biddle,* 71 N. C., 1, it was said by BYNUM, J.: "Without invoking the aid of our statutes, the power of removal is inherent in the office at common law, and must of necessity be so, to prevent a failure of justice."

We think it clear that the Probate Court had the power, for good and sufficient cause, to remove the administrator, or, for like cause, necessarily equivalent, to permit him to resign his trust, and appoint F. D. Welborn in his stead; and it appears that this was done in proceedings instituted for that purpose, and no exception was taken thereto, or appeal therefrom, and it is too late to disturb the judgment of the Probate Court after a lapse of near twenty years.

Whether whatever action can be brought should not be against the representative of the deceased administrator, F. D. Welborn, and the sureties on his bond, it is not necessary for us to determine; but an administrator *de bonis non* is the proper person to bring the action. See *The Code,* § 1518; *Latham* v. *Bell,* 69 N. C., 135; *Carlton* v. *Byers,* 70 N. C., 691;

*Merrill* v. *Merrill*, 92 N. C., 657, and the numerous cases there cited.

In the case of *Beall* v. *New Mexico*, 16 Wall., 540, to which attention has been called by the Chief Justice, it was held that an administrator *de bonis non* could not maintain an action on the bond of the original administrator, but that it must be brought by the persons directly beneficially interested in the estate, whether distributees, next of kin, or creditors, and it is there said : " To the administrator *de bonis non* is committed only the administration of the goods, chattels and credits of the deceased which have not been administered."

However it may be elsewhere, under the section of *The Code* and decisions referred to, it is different in this State, and it is well settled that such an action cannot be maintained by the next of kin, distributees or creditors.

When Hollar settled with Welborn, his successor, under the direction of the Court, it terminated his " trust," and was a fulfilment of his obedience to the " lawful orders of the Clerk or other Court touching the administration of the estate committed to him," as required by the condition of his bond.

No error.                                    Affirmed.