T. D. CLEMENT v. W. W. COZART.

*Administration—Sale of Land for Assets—Evidence—Pleading.*

1. Where a personal representative files a petition to sell land for assets, it is essential that it should appear, by a direct allegation, or by implication, that the personal property has been exhausted with-. out paying the indebtedness, or is insufficient to pay it.

2. An administrator *de bonis non* must proceed against the estate or bond of a former personal representative, or show that he would recover nothing and would only incur costs by prosecuting such suit, before license will be granted to him to sell real estate to make assets.

3. The exhaustion or insufficiency of the personalty must be shown in the same way, where the personal representative seeks to set aside a fraudulent conveyance by the decedent and subject the land to sale for assets, and a creditor, or creditors, proceeding under section 1448 of *The Code*, or under the general equity jurisdiction of the Court, are required also to make and prove (if not admitted) the same allegations.

The plaintiff appealed from the judgment refusing to declare the demurrer frivolous, rendered by *MacRae, J.,* at September Term, 1890, of the Superior Court of GRANVILLE County.

The facts are set forth in the defendant's appeal, taken at the same time.

PLAINTIFF'S PETITION.

The petition of Thomas D. Clement, as administrator of Amos Gooch, deceased, respectfully showeth—

1. That Amos Gooch, late of said county of Granville, died intestate in said county, some time in the month of March, 1885.

2. That on the 16th of March, 1885, your petitioner was duly appointed and qualified as administrator upon said intestate's estate.

3. That on the 1st of September, 1877, Thomas J. Smith and James C. Cozart and John G. Harris, for a valuable consideration, executed and delivered to the said Amos Gooch, deceased, their bond for the payment to him of the sum of $1,000.

4. That at the September Term, 1886, of the Superior Court of said county, your petitioner, as administrator of said Amos Gooch, recovered judgment on said bond against Thomas J. Smith and said James C. Cozart for the sum of $1,245, with interest on $1,000, the principal sum in said bond, at the rate of 6 per cent. per annum until paid, from 6th of February, 1884, and for cost of action.

5. That on the 15th day of February, 1888, the said Thomas J. Smith, who was a son-in-law of the said James C. Cozart, paid, in part satisfaction of said judgment debt, the sum of $468.32, and that no other or further payment has been made towards the satisfaction of said debt.

6. That by deed, absolute on its face, bearing date the 21st day of November, 1871, the said James C. Cozart and his wife Jane, for the recited consideration of two thousand dollars, conveyed by a deed, absolute on its face, to their son-in-law David C. Lunsford, and to their son Thomas G. Cozart, two of the defendants above named, three tracts of

land, to-wit, a tract of 160 acres, a tract of 130 acres and a tract of 82 acres, in all 372 acres (which was all the land then or afterwards owned by the said James C. Cozart), upon the secret trust that said bargainees should and would hold said lands for the use and benefit of the said James C. Cozart and his said wife Jane during their lives and the life of the survivor of them, remainder to the heirs at law of the said James C. Cozart.

7. That said deed was made by said bargainors with intent to hinder, delay and defraud the then and all subsequent creditors of said James C. Cozart, and this covinous purpose of said bargainors was well known to said bargainees, and the *cestui que trust* in said secret trust at the time of the execution of said deed.

8. That no part of said recited consideration of $2,000 was ever paid by said bargainees to said bargainors, nor was it ever intended, by either said bargainors or said bargainees, that said sum of $2,000, or any part thereof, should be paid, but said deed was in truth, and was intended by the parties to it to be a voluntary conveyance.

9. That said James C. Cozart died intestate in said county in the year 1887, and letters of administration on his estate were granted and issued to his son, the defendant William W. Cozart, on the 24th day of April, 1888.

10. That the said James C. Cozart, at the time of his death as aforesaid, was seized in fee of said above mentioned three tracts of land so attempted to be by him conveyed to his said son and son-in-law for and with the covinous intent aforesaid.

11. That on the 4th day of December, 1884, the said David C. Lunsford and his said wife Nancy J., and the said Thomas G. Cozart and his wife Bettie F., for the nominal consideration of $1, conveyed by deed said three tracts of land to the defendant William W. Cozart, a son of the said James C. Cozart, in trust for the use and benefit of the said

James C. Cozart and his said wife Jane for their lives and the life of the survivor, and then to be sold by the said trustees, and the proceeds of said sale to be divided amongst the children or heirs at law of the said James C. Cozart.

12. That the said Thomas J. Smith is insolvent.

13. That the said James C. Cozart died possessed of a small amount of personal property, but of what value your petitioner is not informed, nor has he any means of knowing.

14. That the said James C. Cozart left him surviving the following children, who are his only heirs at law, to-wit, the defendants William W. Cozart, Thomas G. Cozart, James H. Cozart, Francis Peed, Lucy Piper, Nancy J., wife of the defendant David C. Lunsford; Martha, wife of the defendant James Jones; Arietta, wife of William C. Peed; Larceny, wife of the defendant Jesse V. Roberts, and Sally, wife of the defendant Thomas J. Smith.

Wherefore, your petitioner demands judgment—

1. That the defendant William W. Cozart, as administrator of James C. Cozart, deceased, shall pay to your petitioner as administrator of Amos Gooch, deceased, the balance due in said judgment debt out of the proceeds of estate of the said James C. Cozart, deceased, in his hands as administrator as aforesaid.

2. If there shall not be in his hands a sufficiency of personal estate or assets to pay said debt, then that said William W. Cozart, as administrator as aforesaid, or as trustee as aforesaid, may be ordered, adjudged and decreed to sell said lands, or so much thereof as may be necessary to pay said debt, and with the proceeds of said sale to pay said debt.

3. For his cost of this proceeding.

4. For such other and further relief, &c.

### DEMURRER.

The defendants demur to the complaint filed herein, and assign as reasons therefor as follows:

1. That it does not appear from said complaint that the intestate J. C. Cozart was indebted to plaintiff's intestate, or any other person, at the time of the execution of the deed to Lunsford and Cozart, on the 21st day of November, 1871.

2. That it does not appear that the personal estate of the intestate J. C. Cozart was insufficient to pay his debts, or that the same has been exhausted in the payment of the same.

Wherefore, defendants demand that the action be dismissed, and that they recover of plaintiff the cost of this action, to be taxed by the Clerk.

### JUDGMENT.

This action coming on to be tried at this term, upon the complaint and demurrer thereto, and upon the motion of the plaintiff for judgment for want of an answer because the demurrer is frivolous, and the Court, upon consideration, being of the opinion that the demurrer is not frivolous, doth accordingly deny the plaintiff's motion for judgment as for want of an answer, but that, being of the opinion, upon consideration, that the demurrer ought to be overruled, doth accordingly overrule said demurrer, and allow the defendant thirty days in which to answer said complaint.

*Messrs. L. C. Edwards* and *J. B. Batchelor*, for plaintiff.
*Mr. R. W. Winston*, for defendant.

AVERY, J.—after stating the facts: It is too well settled to leave room for discussion that a personal representative must allege, in a petition to sell land to make assets, either that the personal property has been exhausted without discharging the indebtedness of the estate, or is insufficient to pay it. It is essential that the exhaustion or the insufficiency of assets arising, or that will arise, from the sale of personalty

should appear either by a direct allegation or by necessary implication from the facts stated in the complaint. *Shields* v. *McDowell*, 82 N. C., 137. Where a personal representative wasted or misapplied the fund arising from the sale of personal property, and died without making good the deficit, it was held that license to sell the land would not be granted to the administrator *de bonis non* until he had proceeded against the estate and bond (if one was filed) of his predecessor, or had made it appear that he could recover nothing, but must simply incur unnecessary costs by instituting and prosecuting such suits. *Lilly* v. *Wooly*, 94 N. C., 413; *Carlton* v. *Byers*, 70 N. C., 691; *Smith* v. *Brown*, 99 N. C., 377.

The provisions of section 1446 of *The Code* necessarily hinge upon those of section 1436, and, therefore, though it be admitted that it was a sufficient compliance with the requirements of the former section to allege that the conveyance was made with the intent to defraud subsequent creditors alone, still it must appear when the license to sell is asked for; that there is an unsettled indebtedness that cannot be paid out of the assets. The deed executed by James C. Cozart was valid *inter partes*, and the grantees, even if the conveyance was made with fraudulent intent, had the same right as the heir had to demand that the personal estate should be exhausted before the land should be declared subject to sale for his debt. If the action had been brought by the defendant as administrator, his petition must necessarily have contained precisely the same allegations with regard to the insufficiency of the personalty as though J. C. Cozart had made no conveyance and a proceeding had been instituted against the heirs of Cozart to sell the land for assets, and, in addition, he must have distinctly alleged that the deed was executed with intent to defraud creditors. Instead of the allegation contained in the petition in this case, that his intestate "died possessed of a small amount of personal property, but to what value your petitioner is not informed,

nor has he any means of knowing," the defendant adminis-
trator must have distinctly stated that there was, at least,
according to his best information, a deficiency of personal
assets.

But the plaintiff contended that, as a creditor, he had a
right to bring and maintain an action in the nature of cred-
itor's bill, under the provisions of *The Code*, § 1448, without
even a formal invitation to other creditors or an allegation
that there were any other debts except that due to himself.
That section is the Act of 1871–'72, ch. 213, § 1 (Bat. Rev.,
ch. 45, § 73), as amended by inserting the words "or civil
action" after "special proceeding," as provided by the Act
of 1876–'77, ch. 241, § 6, the effect of the amendment being
to give a creditor his option to bring his action in the Supe-
rior Court before the Clerk or returnable at a regular term.
So that, we are confronted with the question, whether sec-
tion 1448 can be construed as authorizing the plaintiff, on
the 20th of June, 1889, to bring and afterwards to maintain
this action in the Superior Court, founded upon an unpaid
balance of a judgment rendered against defendant's intes-
tate in 1886, when said intestate died in 1887 and letters of
administration were granted to defendant on the 27th of
April, 1888.

We think that the section mentioned unquestionably con-
fers upon a single creditor, in behalf of himself (and other
creditors, if there be any others), the right to bring a civil
action to compel a personal representative to render an
account of his administration and to pay to the creditors
what may be due to each of them. *Haywood* v. *Haywood*,
79 N. C., 42. But the plaintiff does not rest his claim upon
the ground that there were assets in the hands of the defend-
ant (who had qualified as administrator only thirteen months
before the summons was issued), and that defendant refused
to pay over a sum in his hands properly applicable to the
satisfaction of the plaintiff's judgment. He seems deliber-

ately to have omitted any prayer even that an account be taken of the administration, when the law permits him to bring his action for the express purpose of compelling the personal representative "to an account of his administration." If he had asked for an account before the expiration of two years from the time of taking out letters, without the further allegation that the defendant had in his hands funds that must be ultimately applied to the payment of his debt for reasons set forth in the petition, a grave question would have arisen as to his *status* in Court, when he was merely claiming the right to have his debt satisfied out of such fund.

But the purpose of the plaintiff, as disclosed in his complaint, and avowed by counsel on the argument, is first to secure a finding that the deed made by defendant's intestate was fraudulent and void, and then to demand judgment that the defendant sell the land conveyed by his intestate, or so much of it as may be necessary to pay the judgment sued on. We do not think that section 1448 can be construed to empower a creditor or creditors to institute or maintain an action (where objection is raised by demurrer, certainly) to compel the personal representative to sell the lands of a decedent to make assets, unless it is alleged in the complaint that the personal estate is insufficient to discharge the debts, or has been exhausted and is no longer available for their satisfaction. It was not the purpose of the Legislature to enable an executor or administrator, simply because a creditor has instituted an action in the Superior Court (even where there is collusion), to obtain license to sell land belonging to the heir or devisee, or fraudulently conveyed to another by their testator or intestate, when, by taking an account, it may be made to appear that the personal estate is more than sufficient to satisfy all of the indebtedness. The liability of the land to be subjected to the payment of the debts, under the Act of 1846, was secondary entirely, and is not incurred till it appears

that there is an insufficiency of assets.    *Wilson* v. *Bynum*, 92 N. C., 723.

If the plaintiff insists that he can maintain his action as a creditor's bill, not by virtue of section 1448, but because " *The Code* has not taken away from the Superior Courts any jurisdiction heretofore exercised by Courts of Equity, except in cases exclusively within the jurisdiction of Justices of the Peace," and because Courts of Equity formerly took cognizance of such bills, then he encounters the same and additional difficulties.  In the case of *Wilson* v. *Bynum*, *supra*, Justice ASHE delivering the opinion of the Court, says: " But when there is deficiency of assets, it is nevertheless the duty of the administrator to take the necessary steps prescribed by law to sell the real estate of his intestate for payment of his debts, and when he refuses to do so he may be compelled by the Clerk of the Superior Court to perform the duty, or the creditor, as in this case, may bring an action in the nature of a creditor's bill against him and the heirs at law or devisees, as the case may be, for sale of land under the equity jurisdiction of the Court.  \* \* \*  Here the plaintiffs allege that they have a judgment against the estate of Charles McDowell, and the administrator declines to file a petition for the sale of the land; that the assets of the estate have been exhausted by the payment of debts and the emancipation of the slaves, and other casualties of the war, and that the defendants, devisees, have lands in their possession devised by Charles McDowell, testator."  The error pointed out by this Court, for which a new trial was awarded, was the refusal of the Judge below to submit an issue to the jury involving the question whether the assets had been exhausted by the payment of debts, &c.  If it was not material that the deficiency of assets should have been alleged, why did the Court hold that it was error to refuse to allow that question to be passed upon by the jury?  It is well settled by a line of decisions in this State that only an admin-

istrator *de bonis non* can maintain an action for an account against the personal representative of the former administrator. *Merrill* v. *Merrill*, 92 N. C., 657. *Tulburt* v. *Hollar*, 102 N. C., 406; *Wilson* v. *Pearson*, 102 N. C., 313. But where the administrator refuses to bring an action upon the bond of a former administrator, or declines, upon request of the creditor, and where there is a deficiency of assets to institute a proceeding against the heirs at law or devisees to sell land for assets, the creditor may maintain a creditor's bill by alleging such exhaustion or deficiency of assets, as well as such refusal to bring suit, and not otherwise, against both the recusant personal representative and the heirs or devisees, as the case may be. *Wilson* v. *Bynum, supra.* The objection that there was no allegation of a refusal on the part of the defendant to bring suit was not raised by the demurrer, nor is it one of the grounds upon which the motion to dismiss rests. If the demurrer had specified that ground it would have given rise to an interesting question, growing out of the fact that it appears from the pleadings that W. W. Cozart is a necessary party in his own individual right as a claimant of title to an interest in the land through the alleged fraudulent deed, and must, if he had instituted this suit in his representative capacity, have made himself a party. He could not, as an individual, attack the title under which he held. It is not necessary to pass upon this question here, however. The objection raised by the demurrer that there was no allegation of a deficiency of assets ought to have been sustained by his Honor.

In plaintiff's appeal, therefore, we hold that there was no error in refusing to treat the demurrer as frivolous.