Ruffin, Chief Justice,
 

 after stating the case as above, proceeded: We think the distinct terms of the act of 1812, 1 Rev. Stat. ch. 85, sec. 7, furnish a plain answer to the single question arising between the defendant and the plaintiffs. That act is addressed to the Court of Equity, a well known doctrine of which was, that landhmay be considered as money and money as land, according to the conversion made or to be made by the mandate of the law or the directions of the former owner. After enacting that there may be a sale of land for division, the statute then further enacts, by way of
 
 proviso,
 
 that if a party be an infant
 
 feme covert, non compos,
 
 &c., the part of the proceeds of sale, to which such person is entitled, shall be so invested or settled, that the same shall be effectually secured to the person so entitled, or his or her real representative. The last are the material words, as the question is, how the fund is to be treated after the death of the party, when claimed by the two classes of representatives, personal or real. To that purpose, the language is unequivocal. It is secured to the real representative ; ■ and is, of course, land in this Court. The import of the statute is, that as to such parties as could not, for want of capacity, consent to a conversion of their land into money, the sale — necessary to some purposes, and therefore authorized by the legislature — should not operate as a conversion. The money is, therefore as much land, as if the act directed it to be a realizing fund, and reinvested in other land in severalty. It is true this character is not indelible, but the person entitled may elect to take it as money, and any act that denotes that intention will be sufficient to remove the character of realty that attached to It. But to have that effect the election must be made by the person entitled, and not by another for him or her; and that person must also be capable in law of making the election. Consequently, it can never be done by one
 
 non-sane,
 
 or an infant; nor by the committee or guardian of such persons ; and the Court never interferes so as to change the course of succession. Whether therefore the fund remain in
 
 Court;
 
 or be, by the direction
 
 *146
 
 of the Court, invested in stocks by an officer of the Court ? or be invested in like manner, or in mortgages, or let' out on Persona^ security by a guardian; in all these conditions the nature of the fund continues unchanged, and the investment is only for the purposes of profit, and not of conversion. Had Mrs. Jernigan died an infant and unmarried, there can be no doubt that her heirs could have followed this money in the hands of her guardian, as real estate. There is nothing in the case to alter their rights. It does not appear, indeed, what was her age when she married and died. But although a married woman may, in a particular manner, elect to have the money paid to her husband, there was in this case nothing done with that view by the defendant’s wife. She is permitted to dispose of the money, because equity follows the law, and there is a legal method by which she could convey the land, if it had continued land. For this purpose the course of the Court is to take the consent of the wife upon privy examination, either in Court or by commission in the nature of a
 
 dedimus potestatem.
 
 But without such assent the person who has the fund as trustee for the wife has no authority to pay it to the husband ; nor has the husband a right to receive it. Such unauthorized payment and receipt cannot therefore affect the nature of the fund; and it remained real estate.
 

 The decree, consequently, did.no injustice to the defendant, and as to him, ought to be affirmed with costs. But it must be somewhat varied as respects the rights of the husband and wife, as between themselves. It directs the wife’s share to be paid to the husband and wife ; which in effect, is to pay it to him. Now, the ground of the decree for the plaintiffs is that the money is, as to them, land; which makes it the duty of the Court to secure the
 
 feme’s
 
 share for her or her real representatives, unless she chooses to part from it in the regular method. So much of the decree as directs the payment of that share to the plaintiffs must be remodelled and the money ordered to be brought into Court, that it may be properly invested and settled;
 

 Pek Curiam. Decree accordingly.