Battle, J.,
 

 after stating the case as above: We are of opinion, upon the authority of the case of
 
 Scull
 
 v.
 
 Jernigan, 2
 
 Dev. & Bat. Eq. Rep. 144, that the first exception must be sustained. In that case, it was decided that the proceeds of land, sold for partition under tire Act of 1812, (1 Rev. Slat., ch. 85, sec. 7,) to which an infant is entitled, remain real estate until he comes of age and elects to take them as money. That case has been very recently referred to with approbation in
 
 Marsh
 
 v.
 
 Berrier,
 
 6 Ire. Eq. Rep. 524. Its policy has been sanctioned by the Legislature in the Act of 1846, ch. 1, the 10th section of which declares, that all the proceeds of real estate which may be sold for the payment of debts by an executor or administrator, and not required therefor,
 
 “
 
 shall be considered as real estate, and as such shall be paid over by the executor or administrator to such persons as would be entitled to the land, had it not been sold, or, in case of feme coverts, invested as proceeds of sale made for partition.” The construction of the Act of 1812 is thus settled by the highest au
 
 *93
 
 thority, and it is decisive, in favor of the defendant, of the question presented by the first exception ; for it is admitted in the pleadings, that the intestate did not receive from the defendant as his guardian any part of the proceeds of his land which had been sold for partition. He did not, therefore, elect to take them as personal property. We lay no stress upon the statement in the answer that when the intestate came of age he was a man
 
 “
 
 of insane mind, and incapable of making a settlement;’ ’ because it is neither responsive to tiny allegation in the bill, nor proved.
 

 The second and third exceptions must be overruled, to the extent at least of charging the defendant with the annual interest of the price of the land up to the time of the intestate’s death.
 
 “
 
 The interest which accrued during the infant’s life is personalty, as the profits of the land during that period would have been. But the capital and the interest thereon, since his death, belong to the heirs at law.”
 
 Marsh
 
 v.
 
 Berrier, ubi supra.
 

 The report must be reformed in the particulars herein stated, and it will then be confirmed. The costs must be paid out of the fund.
 

 Per Curiam. Decree accordingly.