JOHN L. HINTON v. B. F. WHITEHURST, Adm'r., and others.

The creditor of a deceased ancestor is entitled when there is no person-
al estate, to the whole of the land descended, or, of what is instead of
it, until his debt is paid.

When some of the heirs of a person so indebted have sold the lands de-
scended to them, two years after administration granted, they are
liable to the creditor for the whole of the price received and not for
their aliquot shares of the debt itself; and those who still retain their
several shares are liable for the present value of them.

The creditor is entitled to the rents and profits actually received by the
heirs from the lands descended. If the land has been sold the inter-
est is the profit; and if the heir still retains his share, he is equally
liable for the profits.

(*Moore* v. *Shields*, 68 N. C. Rep. 327, cited and approved.)

CIVIL ACTION, motion to confirm the report of a referee,
heard by *Albertson, J.*, at the Spring Term, 1874, of PASQUO-
TANK Superior Court.

At January Term, 1873, of this Court, this case was reman-
ded, for the purpose of ascertaining upon a reference the inter-
est of each of the heirs in the lands, the subject of the contro-
versy in this suit.

The referee reported certain facts, upon which his Honor
gave judgment; from which judgment the plaintiff being dis-
satisfied, appealed.

The substance of the facts reported and the decree of his
Honor, is fully stated in the opinion of Justice Rodman.

*Smith & Strong*, for appellant.
No counsel in this Court for defendants.

RODMAN, J. The plaintiff is a creditor of Davis Whitehurst,
deceased, to the sum of $2,972.52, bearing interest, &c. The
defendants are the heirs of the deceased, five in number, and
certain lands descended to them.

The personal estate having been lost by the result of the war,

it was held (68 N. C. Rep., 316,) upon the facts that the creditor was entitled to proceed against the heirs in respect of the lands descended. In 1865 partition was made between the heirs. Afterwards, at various dates, some of the heirs sold their respective shares. The prices obtained differed considerably, some being less, and some more than the one-fifth part of the creditor's debt, which, without noticing the accruing interest, it will be sufficient for the present purpose, to assume to be $594.50, on 7th May, 1874. One of the heirs sold a part of his share, and retains a part. One of them retains the whole of his share. As all the sales were made more than two years after the grant of administration, there is no dispute as to the titles of the purchasers. The creditor claims a right to follow the proceeds of the sales into the hands of the heirs, which is admitted. As the sales were made *bona fide*, it is also properly admitted that the creditor cannot recover from any heir more than the sum for which he sold his share. Assuming the fact, as it seems to be, that the total amount of the sales, and of the present value of the lands still remaining unsold, will not exceed the creditor's debt, the following questions are presented :

1. In the case where an heir sold his share for more than the one-fifth part of the debt, should the creditor recover of him the whole price obtained for the land, or only the one-fith part of the debt ?

2. Is the creditor entitled to recover the profits of the lands received by the heirs from the commencement of their possessions ? The above is the general form of the question, and of course, includes the question as to the creditor's right to recover the interest received upon the price, where the land was sold.

1. *On the first question.* We consider it clear under the law of North Carolina that all the land of a deceased debtor is liable to the payment of his debts upon the insufficiency of his personal estate.

Upon such a case appearing, it is the duty of an administrator to take proceedings to sell the land, or so much as may be necessary. The residue, after the payment of the debts is all

that rightfully belongs to the heirs, although the title to the whole descends to and remains in them until divested by such or similar proceedings. The heirs can make partition at pleasure, and its being made cannot alter the creditor's rights, neither can a sale whenever it may be made. If within two years, the creditor can reach the land in the hands of the purchaser ; if after two years he can follow the price which stands instead of the land in the hands of the heir. In any case he is entitled to the whole of the land, or of what is instead of it, until his debt is paid. There is no personal liability on the heir for any aliquot or other proportion of the ancestor's debt but he is liable only by reason of assets descended, and the value of the assets must be the measure of his liability. The heirs who sold their lands for more than one-fifth of the debt, are liable to pay the whole price received, and those who still retain their shares are liable for the present value, which if not agreed on by the parties, must be ascertained by a sale under the direction of the Superior Court.

The Judge below was of opinion that the liability of each heir was limited to his aliquot part of the debt. In this we think he was in error. To avoid a possible misconception, it will be prudent to observe here, that there is no suggestion any where, that the value of any share has been increased by any expenditure by the heir. All that has been here said is upon the idea that the greater prices obtained by some of the heirs, were owing to causes other than improvements made by them. There is no suggestion either that upon the partition any sums were charged for equality. If there were any charges of that sort, they ought of course to be considered in ascertaining the values of the shares.

2. *As to the liability of the heirs for the profits.* The decree below charges the heirs who sold their shares with interest on the prices from the dates of their respective sales, and those who still retain the land, with interest from January Term, 1874, of this Court. This decree deprives the creditor of any profits which may have accrued since the death of the ancestor,

and prior to the sales by the heirs ; and of all which may have accrued to the heirs who still retain their lands up to January, 1874. The two classes of heirs are dealt with on different principles, without any reason that appears to us. In *Moore v. Shields*, 68 N. C. 327, it was decided that a creditor was entitled to recover from an heir the rents and profits actually received from the lands descended. The principle must equally apply whether the heir has converted the land into money or not. It may well be taken that after the conversion the interest is the profit; but an heir who has not converted his land into money is equally liable for the profits, which may be ascertained by taking an account in the usual way. It may seem a hardship to compel heirs who have received the profits of lands for many years without any doubt as to their right to retain them, to be called on to refund what they have probably long since spent. If such a hardship existed in the present case, it would not be by reason of any thing inequitable in the rule which subjects the rents and profits to the ancestor's debt; but by reason of the acts of the Legislature suspending the statutes of limitation, which ordinarily would furnish an adequate protection against stale demands. Whether in the common law powers of a Court of Equity any relief could be found for the defendants in this case, it is unnecessary to enquire. We have examined the original complaint in this case, and find that it contains no allegation that rents and profits had been received, and no demand for an account of any, and we think the Court cannot give the plaintiff a relief which he does not ask for.

As it is necessary to ascertain the values of the lands remaining unsold, the case must be remanded.

PER CURIAM. Judgment reversed and case remanded to be proceeded in, &c. Let this opinion be certified.