JOHN L. HINTON *v.* B. F. WHITEHURST, Adm'r, and others,

Where partition had been made of land between the heirs at law who were entitled thereto by descent, and a part of the heirs had sold their shares and the creditors of the ancestor had instituted proceedings to subject the land to the payment of his debts, it having been decided that the plaintiffs had a right to subject the whole of the land to the payment of their debts: *It was held*, that the defendants who had not sold their land were not entitled to pay their rateable portions of the debt and retain their land discharged therefrom: *Held further*, that they were not entitled to have their land valued by commissioners to be appointed by the Court and to account for the value thereof, instead of having the land sold in the usual way: *Held further*, that an heir who had sold his land for more than his rateable share of the debt was not entitled to be discharged from liability upon payment of such rateable share.

This was a CIVIL ACTION, originally commenced to subject lands to the payment of debts, and heard now upon a motion to reform or modify the report of the referee, before his Honor, Judge *Eure*, at the Spring Term, 1875, of PASQUOTANK Superior Court.

This case was before the Court at January Term, 1873, and again at June Term, 1874. See 68 N. C. Rep. 316, and 71 N. C. Rep. 66, the report of which discloses all the facts in connection therewith. Upon the hearing below at last Spring Term, it was admitted that the entire share of Wm. T. Whitehurst in his father's (Davis Whitehurst) land was covered by the dower of his mother, who is still living, and that he had received no rents nor profits from said share; and he asked the Court to charge him with his *pro rata* part of the debt of the plaintiff; and upon his failure to pay upon a fixed time, to be named by the Court, then for the Court to order the sale of his interest in the land. He further asked, in case this should be refused, that the Court should appoint commissioners to value his interest in the land and permit him to have an opportunity to pay said valuation before a sale was ordered;

assigning as cause for this, that without one of these methods of sale, there could be no competition between the plaintiff and other bidders—the plaintiff's bid being already paid, and being the difference unpaid by the others upon the judgment. The Court refused both applications, upon the ground of a want of power so to order the sale.

The defendant, Jonathan Woods, then asked the Court to give judgment against him only for his *pro rata* part of the debt, assigning as the reason, that the Chief Justice, when this case was before the Court at January Term, 1873, in delivering the opinion of the Court, expressly declared that the husbands of the *femes*, whose land had been sold, and not re-invested for the *femes*, should only be charged with a *pro rata* part of the debt; and that the decision of the Court, as reported in 71 N. C. Rep. 66, expressly affirms the former, though it stated a different rule.

The defendants, Wm. T. Whitehurst and Jonathan Woods, then asked the Court to adjudge that the other defendants who had sold the land assigned to them in their own rights, and in the rights of their wives, should pay interest on the respective amounts for which they had sold, from time of sale to date; that the judgment should be in favor of the plaintiff; if not, then in favor of the defendants, Wm. T. Whitehurst and Jonathan Woods, as they would be required to pay a larger portion of this judgment than any of the other defendants, and the Court could, to some extent, equitably adjust and more nearly equalize between the defendants themselves the respective amounts they should pay. This the Court also refused, for want of power.

After argument, judgment was rendered for the plaintiff, at the same time apportioning among the defendants the several amounts in which they were liable.

To this judgment the following exceptions were filed in the Court below, by *Martin*, attorney for the defendants, to wit:

1. The plaintiff, Hinton, by failing to bring his suit until after the expiration of *two* years from the qualification of the

defendant, B. F. Whitehurst, as administrator of Davis White-
hurst, and permitting him to turn over the personal estate to
the next of kin of the intestate, was guilty of great *laches*,
and should be the sufferer rather than those who were in no
way in default.

2. The plaintiff, knowing his *laches*, relied upon the refund-
ing bonds of the next of kin of intestate to protect him in
case of the failure of the principal to pay his debt, and a ne-
cessity to resort to the surety (the intestate) to secure its pay-
ment, and having made his own selection, the failure of the se-
curity thus voluntarily accepted by him, should result in loss
to him and not to innocent parties.

3. In N. C. Rep., vol. 68, page 320, the Chief Justice, in
delivering the opinion of the Court in this same cause, uses
this language : " In respect to the shares of the *femes covert*,
that have been converted by sale, the husbands are chargeable
with a *pro rata* contribution, unless the purchase money is
secured for the separate use of the *feme covert*, in which event
the fund would be charged." This decision is affirmed by
Justice Rodman in the same cause, N. C. Rep., vol. 71, p. 66.

4. The main object of the decision of the Court in the cause
as reported in N. C. Rep., vol. 71, page 66, was to direct the
Court below to have the value of the land unsold ascertained,
and although Justice Rodman does say that the land is to be
sold to ascertain its values, it is submitted that it was not in-
tended to bind the Court below to that *mode*, and no other, and
that the Court being required to ascertain the value of the
land, could do that in any equitable and fair mode that might
be suggested, it is submitted that the mode suggested by the
defendant, W. I. Whitehurst, is a fair mode of ascertaining the
value of the land unsold, and could have been adopted by the
Court.

5. The Court could and ought to have required by its judg-
ment, that the defendants who had sold their lands for less
than their *pro rata* portion of the debt of plaintiff, should pay
interest on the same from date of sale, if not, to the plaintiff,

then to the other defendants, who are required to pay more than a *pro rata* part of the plaintiff.

The defendants, Wm. T. Whitehurst and Jonathan Wood, appealed.

No counsel for appellants in this Court.

*Smith & Strong,* contra, argued:

I. The points presented in appellant's exceptions have been passed on and decided on the two former occasions when this case was in this Court, reported in 68 N. C. Rep., 320 and 71 N. C. Rep., 66, except perhaps that relating to a valuation instead of a sale. And it is a universal rule in such case to ascertain value by sale.

II. The principle, on which the former adjudications rest, is the right to have his debt paid out of the *debtor's property* before any part can be held by his heirs. In this regard the plaintiff's rights are not affected by partition among the tenants in common. His desire is to have his debt paid cut of the debtor's property, and the *pro rata* apportionment is proper only when each share is adequate to pay its part of the debt, and the creditor is not prejudiced thereby. In such case the *equities inter partes* of defendants are adjusted, consistently with the creditor's rights.

III. The plaintiff cannot be delayed nor injured by the allegation as to the proper mode of distributing the common burdens among the defendants.

IV. The judgment appealed from is in strict accordance with the opinion and judgment of this Court.

Reade, J. This case has been twice before this Court heretofore—68 N. C. Rep. and 71 N. C. Rep.

It is now before us upon the following points:

1. There having been partition of the land among the defendants as heirs at law, some of whom have sold and some of whom have retained their shares; and it having been decided that the plaintiff creditor has the right to subject the land

which has not been sold, and the proceeds of what has been sold, to the satisfaction of his demand, one of the defendants who has not sold, asks that he may be permitted to pay his ratable part of the debt, and retain his land.

That cannot be allowed; because, as has been decided, the creditor has the right to subject the land itself. And if that defendant has more than a ratable part of the land, the whole value of that part of the land must be applied to the debt, if necessary.

2. The same defendant asks, that if he must account for the whole value of his share of the land, and not for his ratable part of the debt, his share of the land may be *valued* by a commission to be appointed by the Court, and to be allowed to account for the *value*, instead of having the land sold in the usual way at auction.

The reason which he gives for that request, shows that it ought not to be granted, to-wit: That the creditor will make the land sell for more than he, the defendant, is willing or able to give. While the interests of the defendant are not to be capriciously interferred with, yet the interests of the creditor are paramount, and he is entitled to the usual process for realizing the best price for the land—which is a sale to the highest bidder. If the sum which the defendant offers to pay would satisfy the debt, then of course there would be no necessity for a sale, and it would not be allowed.

3. Another of the defendants, who has sold his share of the land for more than his ratable part of the debt, asks that he be required to pay only his ratable part of the debt.

It has been already substantially answered, that that cannot be allowed. Just as the land would have been liable if he had not sold, so the proceeds of sale are liable to the full amount. The proceeds represent the land.

4. A defendant who has received no rents or other profits, and whose share of land is liable, asks that other defendants who have received rents or interest or other profits, may be compelled to account for such profits, to the relief of his land.

11

It was decided when the case was here before, that that could not be done in favor of the plaintiff creditor, because he does not ask it in his complaint. How it may be as among the defendants themselves, the case as presented does not enable us to determine. It is a principle in equity, that where several are liable in common, " equality is equity ;" but then the defendants have already had *equality of partition,* and whether that does not satisfy all equities among them is worthy of consideration.

In what we have said, it is assumed that the whole of the land unsold, and the whole proceeds of what has been sold, are required to pay the debt.

There is no error.   This will be certified.

PER CURIAM.                      Judgment affirmed.