### JOHNSTON & SILER v. N. W. JONES.

*Judgment—Leave to issue Execution—Statute of Presumptions and Limitations.*

1. A judgment rendered before, though docketed after, the adoption of the Code of Civil Procedure, is subject only to a presumption of satisfaction, and not to the statute of limitations as prescribed in the Code·
2. Leave to issue execution may be granted when the fact is established that the judgment has not been paid in full.

(*Pasour* v. *Rhyne*, 82 N. C., 149, cited, distinguished and approved.)

APPEAL from an order made at Spring Term, 1882, of MACON Superior Court, by *Gilliam, J.*

This was a motion for leave to issue execution made before the clerk of the superior court of Macon county on the

29th day of August, 1879, notice thereof issuing to the defendant on the same day.

The judgment was obtained in the superior court of said county on the 15th day of April, 1867, and was docketed on the 26th day of December, 1868. Divers executions were issued, the last one in April, 1877.

The defendant filed a written answer to the motion, in which he alleged: 1. That he owed the plaintiff nothing. 2. That he had paid the judgment. 3. That the same was barred by the statute of limitations.

The plaintiff, Johnston, filed an affidavit before the clerk in which he made oath, that there was still a balance due on the judgment, and that the defendant had made frequent acknowledgments of his indebtedness upon said judgment, the last one being not more than eighteen months prior to the date of the motion.

After considering the defendant's answer and the affidavit of the plaintiff, the clerk found as a fact, that the judgment had not been entirely satisfied, and that it was not barred by the statute of limitations, and thereupon he granted leave to issue execution for the balance due.

From this order the defendant appealed to the judge of the court, before whom the matter was again heard upon the same testimony, and the same findings and order made, from which this appeal is taken.

*Mr. George A. Jones,* for plaintiffs.
*Mr. James H. Merrimon,* for defendant.

RUFFIN, J. The competency of the plaintiff, Johnston, to testify at all in the matter since the act of 1879, ch. 183, amending section 343 of the Code, seems doubtful, to say the least of it. But the point does not appear to have been taken before either the clerk or the judge, and of course we cannot now entertain it.

Taking his affidavit to be evidence, it certainly supports the finding that the judgment had not been entirely satisfied, and this was all that was needed to justify the leave given to issue execution.

The judgment having been rendered before the adoption of the Code in 1868, is subject only to a presumption of satisfaction under the act of 1826, and not to the statute of limitations as prescribed in the Code.

There is a plain distinction between this and the case of *Pasour* v. *Rhyne*, 82 N. C., 149, consisting in the fact that there, the defendant in the execution had been declared a bankrupt, and thereby wholly discharged from the debt, except in so far as it had become a lien upon his lands before going into bankruptcy. This, the plaintiff sought to establish; first, by showing an actual levy of a *fi. fa.* before the Code; and secondly, by virtue of the lien of a judgment docketed under the Code. The court held that neither could avail him; the one, because the levy had been destroyed by issuing an *alias fi. fa.;* and the other, because the lien acquired by docketing the judgment expired at the end of the ten years. This is all that case decides, and there is nowhere an intimation in it that a judgment obtained in 1867, becomes subject to the statute of limitations, because of its being docketed after the adoption of the Code.

We can perceive no error committed in the court below, and the judgment is therefore affirmed. Let this be certified.

No error.        Affirmed.