A. M. LEE, Ex'r of THOS. M. LEE, et. al. v. JOHN R. BEAMAN, Adm'r of JONES PETERSON, et. al.

*Administration—Statute Limitations—Presumption—Devastavit.*

1. The seven years limitation prescribed by Rev. Code, Ch. 65, Sec. 11, was applicable only to demands against the debtor in his lifetime, but when such claims were reduced to judgment, they became merged therein, and there was no statute of limitation against proceedings for its enforcement, either against the personal or real estate of the decedent. After the expiration of ten years a presumption of payment arose.

2. Where there has been a *devastavit* the remedies against the personal
representatives must be exhausted before resort can be had to the
real estate of which the deceased died seized and possessed; but
where the personal estate was lost without negligence or default
of the personal representative, recourse may be had to the de-
scended lands.

This was a CIVIL ACTION—a creditor's bill—tried before
*Shepherd, J.,* at Spring Term, 1888, of SAMPSON Superior
Court.

The facts agreed on by the parties at the trial, so far as
necessary to be set out in order to a proper understanding of
the matters in controversy in the action, are as follows:

Thomas M. Lee, testator of the plaintiff, holding a claim
against Jones Peterson, after the death of the latter, recov-
ered judgment for $337.23 and interest, against the defend-
ant, John R. Beaman, adm'r, at Fall Term, 1861, of the Su-
perior Court of law of Sampson County, charging him with
assets of his intestate. The intestate owned a large number of
slaves of the value of $20,000, and a growing crop from
which was received about $400.

In January, 1863, the defendant, under a license from the
proper Court, sold two of the slaves, and in April another,
for the aggregate sum of $3,107, with which fund, all re-
ceived in Confederate currency, after the expiration of the
credit given, he discharged all the indebtedness due by the
intestate except the said judgment on this debt. Soon after its
recovery he offered to pay to the Clerk of the Court, who
refused to receive the money tendered, under directions of
said Thomas M. Lee, and thereupon he paid it into the
office, where it still remains and has become worthless.

In January, 1863, the other slaves, valued at $17,000 were,
under a decree in a proceeding for partition, divided among
the distributees, and refunding bonds, with good sureties,
taken from each and filed in the office, but they have since
been lost, and were rendered insolvent by the results of the

war.    All the personal estate of the intestate, Peterson, was lost and rendered valueless from the same cause, and this "without negligence or default on the part of the adminis- trator."

The intestate debtor left a valuable tract of land at his death in addition to the personal estate, which descended to his heirs-at-law, who, within two years thereafter sold and conveyed the same to the defendant, Beaman, and he, with them is a party to the present suit, which seeks to pursue and subject the land to the payment of said judgment.

At Fall Term, 1871, an action was begun against the admin- istrator to compel satisfaction out of the personal estate, which resulted in a non-suit, suffered at June Term, 1876.

On May 8th, 1877, he commenced a special proceeding before the Clerk and against the heirs-at-law to subject the intestate's land, which, being carried to the Superior Court for hearing before the Judge, upon his intimation of a want of jurisdiction, terminated also on April 10, 1886, in a non- suit.

Thomas M. Lee died in April, 1881, and on May 1, there- after the present plaintiff became his executor, and made advertisement for creditors, as required by law.

The Court being of opinion upon these facts that the action so far as it sought to reach the real estate was barred by the statute of limitations, the plaintiff again submitted to a judgment of non-suit and appealed.   The errors assigned in the ruling are as follows :

1. In that it appears that the administrator had, at and before the rendition of judgment, assets of his intestate suffi- cient, and which he ought to have applied to the payment of the debt.

2. In that having such funds in Confederate currency in sufficient amount to discharge the judgment, and having tendered the same to the Clerk, who, by plaintiff's instruc- tion, refused to accept the currency, the administrator depos-

ited the same in the office of said Clerk, where it now is, and the plaintiff contends that such action on the part of the administrator was at his own peril, and rendered him liable to be charged with the value of said Confederate money at the date of said deposit.

3. That while the suit of the said T. M. Lee was pending against him, so resulting in said judgment, and before said judgment, the said administrator turned over to the children of the said Jones Peterson, as his next of kin, slaves of the value of $17,000, and took from them refunding bonds without sufficiently providing for the satisfaction of the plaintff's debt, and the plaintiff contends that such action of the administrator was without authority of law.  ·

4. That upon the facts found the Court held that the plaintiff's action was barred, as against the heirs of Jones Peterson, by the statute of 1715, (now Revised Code, ch. 65, sec. 11).

To this ruling the plaintiff excepted and assigns for error :

1. That said act applies only to claims against the said Jones Peterson, existing at the time of his death, and not to plaintiff's judgment taken against his administrator.

2. The heirs are concluded by the judgment taken against the administrator in 1863.

3. The heirs do not plead the statute, and as the sale of the land by them to the defendant Beaman was void, being within two years of the death of said Jones Peterson, the title is still in the heirs as against the plaintiff.

4. John R. Beaman, purchaser, under such void sale, cannot plead it, because he is the defendant in the judgment of 1863, and all subsequent proceedings thereon.

5. The heirs cannot plead it, because they received the pensonalty and gave refunding bonds to pay the debts of the intestate, which bonds are still subsisting against them ; and if the heirs could not neither can the purchaser.

*Mr. J. L. Stewart* for the plaintiffs.
*Mr. W. R. Allen* for the defendants.

SMITH, C. J., (after stating the case.)   The appeal seems to
have been intended to present for review the ruling as to the
statutory obstruction in the way of reaching the descended
lands of the deceased debtor after the lapse of so long an
interval, and, strictly speaking, the correctness of the expressed
opinion which led to the nonsuit is the sole matter pre-
sented for our decision.   Confining ourselves to this single
inquiry, we should feel little hesitancy in pronouncing the
intimated intended ruling erroneous.   The statute which is
supposed to have that effect, after the lapse of seven years
from the death of the debtor, (Rev. Code, ch. 65, sec. 11,)
most manifestly applies to claims *existing against the debtor in
his life-time,* and a delay for the specified period in enforcing
them by action.   But when such action has been brought
and the ·debt or demand reduced to judgment against the
administrator, a new cause of action arises upon the judg-
ment into which the original claim has merged, and this is
governed by the provisions of the other enactments that bar
an action, and there are none such under the law in force
when the judgment was rendered, but the creditors inaction
for ten years without explanatory and rebutting evidence,
raised a presumption that it has been satisfied.   *Johnston*
v. *Jones,* 87 N. C., 393; *Mauney* v. *Holmes,* Ibid, 428.

The judgment being the foundation of the new action,
whether the proceeding looks to a satisfaction to be made
out of the personal or real estate, both of which came from
the debtor and are alike liable to his creditors, the one after
the exhaustion of the other, there was no statutory bar to
its enforcement.   *Speer* v. *James,* 94 N. C., 417; *Smith* v.
*Brown,* 99 N. C., 377.

The cases of *Syme* v. *Badger,* 96 N. C., 197. and *Andres* v.
*Powell,* 97 N. C., 155, were determined on a construction of

the act of the limitations established under the Code of Civil Procedure, and have no application to that before us, which is controlled by the previous law.

It may facilitate the settlement of the controversy, to make a suggestion that seems not to have occurred to the counsel at the trial, and appears in the transcript.

If there has been a devastavit, as the appellant contends, in the disposition of the funds that came into the administrator's hands, without paying the judgment debt in an amount sufficient to its discharge, the present action, to subject the real estate, cannot be maintained, for the personal estate must first be pursued and recovered, if it can be, and the administration bond be charged and made to pay for what may have been wasted, if it is solvent. This is decided in *Bland* v. *Hartsoe*, 65 N. C., 204; *Latham* v. *Bell*, 69 N. C., 135; *Lilly* v. *Wooley*, 94 N. C., 412. There is no intimation that the administrator is not personally able to make the debt good, and his surety to the administration bond also.

But this is met by the admission that all of the intestate's personalty " were lost by the results of the war *without negligence* or default on the part of the said Beaman."

If this be so, inasmuch as the creditor declined to accept such moneys as the defendant Beaman had, and the loss of the estate in his hands was not in consequence of a want of fiduciary care in its preservation, and the slaves have ceased to be property, recourse would be left open for the creditor upon the land, for there would then be no such devastavit as rendered the administrator or his bond responsible for the loss. *Hinton* v. *Whitehurst*, reported in successive appeals in 71 N. C., 66; 73 N. C., 157; 75 N. C., 178; and in 68 N. C., 316, more especially, where the subject is considered and the ruling made.

There is error, and must be a new trial, and so it is adjudged.

                                                    Error.