### HOOKER v. YELLOWLEY.

(Filed May 23, 1901.)

1. SUCCESSION—*Descent—Distribution—Notice—The Code, Sec. 1442.*

> Real property conveyed by an heir after the lapse of two years from the death of the intestate is liable to payment of the debts of the intestate, provided the purchaser has notice of the debts.

2. ADMINISTRATOR—*Executors—Bond—Principal and Surety.*

> A mortgage given by an administrator to a surety on his bond to secure the latter against loss inures to the benefit of the creditors of the estate.

3. LIMITATION OF ACTIONS—*Foreclosure of Mortgages—Personal Liability—Administrator—Surety.*

> Property mortgaged by an administrator to a surety to secure him against loss may be subjected to payment of estate debts, though the personal liability of the surety is barred.

4. PRINCIPAL AND SURETY—*Succession—Administrator—Insolvency.*

> Estate creditors are entitled to have the real estate of intestate, conveyed after two years with notice to purchaser, subjected to satisfaction of their judgments, irrespective of the solvency or liability of the surety or bond of administrator.

ACTION by Elizabeth Hooker against J. B. Yellowley, administrator of E. C. Yellowley, J. B. Cherry, Wm. White-head, J. B. Yellowley, individually and as executor of Harriet Yellowley, heard by Judge *H. R. Starbuck,* at December Term, 1900, of PITT County Superior Court. From a judgment for the plaintiff, the defendant J. B. Cherry appealed.

*Skinner & Whedbee,* for the plaintiff.
*Jarvis & Blow,* and *F. G. James,* for the defendant Cherry.

CLARK, J. This is an order for an injunction to the hearing, granted upon the complaint used as an affidavit. At the death of Edward C. Yellowley, intestate, in 1885, his property descended to his sister H. A. Yellowley, his nephew J. B. Yellowley, the son of a deceased brother, and six nieces, the daughters of another brother. J. B. Yellowley qualified as administrator, with the defendant J. B. Cherry as one of his sureties, wasted the personal estate, became insolvent, and has removed from the State. The plaintiff, who was a creditor by bond of E. C. Yellowley, presented her bond to the administrator for payment, and repeatedly thereafter, who always promised to pay, but finally action was brought and judgment obtained, June, 1891. The said administrator failing to pay the same, though having sufficient assets in hand, the plaintiff commenced an action to December Term, 1894, of the Superior Court against him and the sureties on the administration bond, among them the defendant, who, having pleaded the Statute of Limitations at the hearing of the same, April Term, 1896, the jury, under the instructions of the Court, found that said sureties were protected by the Statute of Limitations. No part of plaintiff's judgment has been paid, and it is still due.

The intestate left, among other property, five thousand

acres of land, duly described in the complaint, one-third interest in which descended to J. B. Yellowley direct, and another third, under the will of Harriet A. Yellowley in 1890, and which he has not conveyed other than by a mortgage to the defendant, the surety on his administration bond, under which mortgage the defendant has advertised the land for sale.    All the above allegations are admitted in the answer.

The complaint further alleges that in March, 1891, the defendant Cherry caused said J. B. Yellowley to execute to him the aforesaid mortgage, which embraces also a lot in Greenville owned by said Yellowley, to secure said Cherry from apprehended loss as surety on said administration bond, though at the time no loss had occurred and Yellowley was not indebted to him.

The answer avers that a few days after the execution of the mortgage the defendant did pay off a judgment for $1,575.00 taken against him as one of the sureties upon said administration bond.  It is further averred and not denied, that J. B. Cherry obtained an indemnity bond from Harriet A. Yellowley in the sum of $3,000, by reason of his being surety upon the administration bond aforesaid, and has also taken a conveyance of the one-third interest of the six nieces in the estate and a release by them of all liability as surety upon said administration bond.

The plaintiff asks that the mortgage and bond be declared without consideration, fraudulent and void, and for its cancellation; that J. B. Cherry account for such securities as he has received from J. B. Yellowley, and such securities and moneys as he has received from the co-sureties on the bond; that he be restrained from selling the realty under said mortgage, and that the land in question be sold by a commissioner, appointed in this cause, to pay the judgment in favor of the plaintiff, and such other (if any) debts of E. C. Yellowley remaining unpaid.

By virtue of The Code, section 1442, the real estate of
E. C. Yellowley in the hands of his heirs-at-law, or in the
hands of purchasers who took conveyances of the same, even
after the lapse of two years, unless they are *bona fide* pur-
chasers for value and without notice, is liable to payment of
the debts of the intestate. If, instead of a mortgage to secure
defendant from apprehended loss, the latter had taken a con-
veyance for full value paid down, this land would still be
subject to plaintiff's debt, for defendant had the fullest no-
tice that the debts of the intestate, and especially this iden-
tical debt, had not been paid, for he had been sued on it in
an attempt to make the sureties on the administration bond
pay it. The defendant does not deny the averment that he
took this mortgage to secure himself against apprehended loss.
So far from releasing the realty from liability to plaintiff,
the mortgage would really inure to his benefit, even if it had
been of other property of the administrator than that de-
scended from E. C. Yellowley. *Cooper v. Middleton,* 94 N.
C., 862; Brandt on Suretyship, sections 324 and 325; Shel-
don on Subrogation, sections 154-156. And such property
can be subjected even though the personal remedy against
the surety is barred by the Statute of Limitations. *Long v.
Miller,* 93 N. C., 227. The defendant, surety on the admin-
istration bond, seems to have gathered in, in one way or an-
other, a very large part of the property of the estate, and he
took the same with notice of the unpaid indebtedness of the
estate. His defence in the argument, here, that he is solvent,
and the administration bond as representing the personalty
must first be subjected before the realty, comes with poor
grace when he and the other sureties thereon have in fact been
sued and have protected themselves by a plea and an adjudi-
cation thereon in their favor that they are sheltered from lia-
bility by the Statute of Limitations. The liability of the
realty to plaintiff is so well and thoroughly discussed in

*Badger v. Daniel,* 79 N. C., 372, that nothing further need be said. *Hinton v. Whitehurst,* 71 N. C., 66; S. C., 73 N. C., 157, and 75 N. C., 178.

In continuing the injunction to the hearing there was no error. *Heileg v. Stokes,* 63 N. C., 612; *Jarman v. Sanders,* 64 N. C., 368.

No error.