WOOD PRIVOTT, Administrator of Jackson Wright, v. ANDREW WRIGHT, LESSIE WRIGHT, and JOSEPH WRIGHT.

(Filed 22 February, 1928.)

1. **Descent and Distribution—Nature of Property—Conversion and Reconversion—Equity.**

The surplus going to the estate of a deceased mortgagor after a foreclosure sale of a mortgage on lands is regarded in equity as lands, descendible to his heirs at law.

2. **Executors and Administrators—Collection and Management of Estate in General.**

After the foreclosure sale of a mortgage on lands of a deceased mortgagor, his executor or administrator is entitled to the surplus arising to his estate as his equity of redemption until it can be ascertained by him, under the regulations of the statute, whether it will become necessary for use in the payment of the debts of the deceased.

3. **Same.**

Where moneys in the hands of the clerk of the court is to be regarded as realty belonging to the heirs at law, the administrator of the deceased is not authorized by law to a judgment to recover it as assets belonging to the estate, when it appears that he is not proceeding against the heirs as such, but seeks only to recover the fund as personal property belonging to the estate.

Appeal by plaintiff from *Moore, Special Judge,* at July Term, 1927, of Chowan. Reversed.

*W. S. Privott for plaintiff.*
*W. D. Pruden for defendants.*

Adams, J. The record consists of the complaint, the answer, and the judgment, and upon these the merits of the appeal must be determined. Some of the plaintiff's allegations are admitted; some are denied. There is no verdict, no agreed statement, no finding of facts apart from recitals in the judgment. If the allegations in the complaint and in the

answer are admitted the following circumstances may be regarded as established. On 10 January, 1914, Jackson Wright and his wife executed and delivered to C. S. Vann a mortgage on ten acres of land to secure a debt, the amount of which is not given. The plaintiff qualified as administrator of Jackson Wright on 18 February, 1921, but the date of the intestate's death does not appear. On 6 February, 1922, the mortgagee sold the land under the power conferred by the mortgage and executed a deed therefor to the purchaser. After applying a part of the proceeds to the payment of the mortgage debt he held as a surplus the sum of $558.50. The intestate left surviving him his widow and seven children, three of whom, Andrew, Lessie, and Joseph, the defendants, were under the age of twenty-one years. A portion of the surplus was paid to the widow as the cash value of her dower interest in the intestate's land, and a proportionate part of the remainder was paid respectively to the four children who were of age and to the clerk of the Superior Court for the benefit of the defendants who were minors. The interest of the minors ($183.83) is still in the hands of the clerk, and the object of the proceeding is to subject this fund to the payment of the intestate's debts. The defense is twofold: the bar of the statute of limitations, and the plaintiff's failure to observe the provisions of secs. 59 and 60 of the Consolidated Statutes.

In regard to the latter defense the plaintiff's manifest purpose is, not to proceed against all the heirs at law as successors to the intestate's land under the sections just cited, but to subject as equitable real estate, to the payment of the intestate's debts, that part of the surplus remaining in the hands of the clerk. "All the cases recognize the doctrine that the surplus is equitable real estate and should go to the persons who would be entitled to the equity of redemption. They differ as to the mode in which the parties in interest shall obtain their rights, rather than as to the rights themselves. One reason why the administrator should be entitled to recover is, that if the equity of redemption had not been sold it would have remained subject to the debts of the deceased, and might have been sold under a license to the administrator, if required for that purpose; and therefore the administrator should take the surplus and hold it until it is certain that it will not be required for the payment of debts." 3 Jones on Mortgages, 7 ed., sec. 1931. The plaintiff's position raises a question which upon a more complete disclosure of the facts, especially in reference to the deposit with the clerk, may demand consideration under the doctrine enunciated in *Hinton v. Whitehurst,* 71 N. C., 66; *ibid.,* 73 N. C., 157; *ibid.,* 75 N. C., 178; *Lilly v. Wooley,* 94 N. C., 412; 3 Jones on Mortgages, 7 ed., sec. 1931. See, also, *Scull v. Jernigan,* 22 N. C., 144; *Dudley v. Winfield,* 45 N. C., 91; *McLean v. Leitch,* 152 N. C., 266.

There was error in dismissing the action as in case of nonsuit and directing payment to the defendants of the funds in the hands of the clerk.

The statute of limitations is pleaded in bar, but the record does not show when the intestate died, when the debt was contracted, or any of the material facts upon which the alleged indebtedness or the plea of the statute is made to rest. If it is adjudged that the action is barred the other questions will become academic. The judgment is

Reversed.