D. L. RAYMER, ADMINISTRATOR C. T. A. OF THE ESTATE OF W. D. McLEL-
LAND, DECEASED, ET AL. v. CARRIE ELLIOTT McLELLAND, INDIVID-
UALLY, AND CARRIE ELLIOTT McLELLAND, EXECUTRIX OF THE ESTATE
OF W. D. McLELLAND, ET AL.

(Filed 8 November, 1939.)

**1. Partition § 6—**

A proceeding for partition is equitable in its nature and upon appeal
the Superior Court in its equitable jurisdiction has power to make such
orders as are necessary to do justice between the parties.

**2. Same: Executors and Administrators § 13a—In proceedings to sell land
to make assets and for partition, devisee may be permitted to pay
pro rata part of debts and take lands relieved from obligations of the
estate.**

Testator devised all of his property, with the exceptions of certain
specific legacies, to his wife. A caveat filed by testator's heirs at law was
compromised by consent judgment allotting one-half the lands to the widow
under the will and one-half the lands to the heirs at law, after the pay-
ment of all debts, legacies and cost of administration. This proceeding
was instituted to sell lands to make assets to pay the debts of the estate
and for partition under the provision of the consent judgment. *Held:*
Upon appeal, the Superior Court in its equitable jurisdiction has the
power to hear and determine the widow's prayer that she be permitted to
pay one-half the valid debts of the estate and charges of administration
and thereupon have the lands allotted to her under the consent judgment
relieved of any further obligations of the estate, and that the other one-
half be allotted to the heirs at law subject to one-half the debts of the
estate and costs of administration, the relief prayed for being merely to
effectuate the spirit and purpose of the consent judgment.

**3. Executors and Administrators § 13a—**

The rights of creditors are not adversely affected by an order exonerat-
ing lands devised to a devisee from liability for debts of the estate upon
payment by the devisee of her pro rata part of the debts when it is
admitted that if the other lands of the estate do not bring an amount
sufficient to pay all debts the lands of such devisee should then be liable
for the balance.

**4. Conversion § 1: Executors and Administrators § 24—**

The compromise of a caveat proceeding by a consent judgment allotting
one-half the lands to testator's widow, his sole devisee, under the will,
and the other one-half to testator's heirs at law, subject to the debts and
costs of administration, does not affect a conversion of the real estate,
and the agreement of all the parties is not necessary to the exoneration
of the widow's lands from the obligations of the estate upon her payment
of one-half the debts and costs of administration.

**5. Executors and Administrators § 13a—**

When an administrator buys realty at a foreclosure sale in order to
protect mortgage notes belonging to the estate, such lands must be treated

as personalty in settling the estate and must be first sold to make assets for the payment of debts before other lands of the estate are sold for this purpose.

APPEAL by defendant from *Bobbitt, J.,* at May Term, 1939, of IREDELL. Error.

Special proceeding to sell land to make assets for the payment of debts and for partition.

One W. D. McLelland died possessed of land and personal property in Iredell County and leaving a last will and testament in which, except for four specific legacies in the sum of $1,000 each to certain of his collateral heirs, he devised all of his property to his widow, the defendant Carrie Elliott McLelland. Thereafter the collateral heirs, there being no children, filed a caveat. Pending the trial of the caveat the parties agreed upon a distribution of the property and caveators withdrew the caveat and consented to the probate of the will in solemn form. A consent judgment in execution of the compromise settlement was thereupon entered by the judge presiding.

Under the terms of the consent judgment it was provided that after the payment of all debts, legacies and proper costs of administration, the collateral heirs, plaintiffs herein, shall have and receive one-half of the personal property of the estate of the said W. D. McLelland and one-half of all the real estate of the said W. D. McLelland in fee simple, and that the other one-half of said personal property and the other one-half of said real estate shall be held and retained by the defendant Carrie Elliott McLelland under the will. It then provided for the appointment of commissioners to make division of the real property in which division it was stipulated that there should be allotted to the defendant, at a value to be placed thereon by said commissioners, the W. D. McLelland home place and certain adjoining lands and such other lands as might be necessary to make up her full one-half share of the real estate.

The judgment further provided:

"And it is hereby further ordered and decreed that under and by virtue of the provisions of section 607 of the Consolidated Statutes, this judgment shall act as a transfer and conveyance to the said heirs at law of the said W. D. McLelland of their rights, title and interest to the personal property and real estate of the said W. D. McLelland allotted to said heirs at law by this judgment, subject to the payment of the debts of the estate as hereinbefore set forth."

In her answer to the petition herein the defendant alleged the facts, pleads the consent judgment and prays: "That one-half of the land in value belonging to the estate of W. D. McLelland be allotted to her and that she be permitted to pay one-half of the valid debts and charges of

administration and thereupon the lands allotted to her under the consent judgment be relieved of any further liability for the obligations and costs of administration"; and that the other one-half be allotted to the heirs at law, subject to the payment of one-half of the valid obligations and costs and charges of administration.

When the cause came on to be heard, the court, being of the opinion that it was without authority and power at law or in equity in the absence of the consent of all the interested parties to grant the defendant's prayer for relief, declined to enter judgment thereon. The cause was thereupon remanded to the clerk for further proceedings in accord with the petition. The defendant excepted and appealed.

*Lewis & Lewis for plaintiff, appellee.*
*J. H. Burke, Stahle Linn, and Jack Joyner for defendant, appellant.*

BARNHILL, J. This appeal presents but one question for determination. Was the court below without power and authority to grant the relief prayed by the defendant in her answer?

Partitions and sales for partition are equitable in their nature. *Weeks v. McPhail,* 128 N. C., 130, 39 S. E., 732; *Seaman v. Seaman,* 129 N. C., 293, 40 S. E., 41; *Trust Co. v. Watkins,* 215 N. C., 292. When this cause reached the civil issue docket the court had jurisdiction to review the rights of the parties under the principles of equity and to make such order as was necessary to do justice between the parties. *Trust Co. v. Watkins, supra.*

Under the proper interpretation of the consent judgment the plaintiffs were allotted one-half of the real property in value subject to one-half of the debts and costs of administration. The defendant was allotted the other one-half, including specifically the home place and certain contiguous property to which she would have been entitled under the will or at law, subject to one-half of the debts and costs of administration. She now asks that the spirit and purpose of this consent judgment be complied with and offers to pay the one-half of the debts and costs of administration assessed against her real property in exoneration thereof. All that she asks is that the plaintiffs do likewise, or that their share be sold to pay that portion of the debts and costs of administration for which it is primarily liable. She concedes that if the one-half of the real property allotted to the plaintiffs does not bring a sufficient amount to pay the charges against it, then that her share is liable for the balance.

We can see no reason why the court below, in the exercise of its equity jurisdiction, does not have full jurisdiction, power and authority to grant the relief prayed by the defendant. Otherwise, the plaintiffs will be permitted to sell the one-half of the real estate allotted to them for the

payment of all, rather than one-half, the debts, and then to resort to the defendant's real property for their one-half share.

The rights of the creditors are not adversely affected. If the relief defendant seeks is granted the payment of their claim is still assured. Therefore, *Hinton v. Whitehurst,* 73 N. C., 157, is not in point. Likewise, the contention of the plaintiffs that the consent judgment effected an equitable conversion of the real property and that there can be no reconversion except by consent of all the interested parties, under the decision of *Seagle v. Harris,* 214 N. C., 339, is without merit.

Upon the defendant's answer and prayer for equitable relief the court below should review the rights of the litigants and make such order as is necessary to do justice between the parties. In any event, Tracts Nos. 2 and 3, as described in the petition, should be first sold and the proceeds thereof applied to the payment of the debts in ascertaining the amount for which the defendant's real property is primarily liable. These tracts were purchased at foreclosure sales to protect mortgage notes held by the administrator. In adjusting the equities between the parties they should be treated as personal property.

Error.