REBECCA CHAMBERLAIN v. ELLEN B. BEAM

No. 8227SC728

(Filed 19 July 1983)

**Partition § 6— actual partition supported by evidence**

The trial court properly ordered an actual partition of land held by plaintiff, the only child of deceased, and deceased's widow even though some lands might need to be sold to satisfy the debts of the estate since (1) our law favors a partition in kind over a sale of land and (2) the trial court could properly give great weight to the position that it would not be in the best interest to sell the real property, considering the depressed real estate market and the probability that the real estate would never bring as much at public auction as could be realized from a gradual sale at a later time.

APPEAL by respondent, Ellen B. Beam, from *Thornburg, Judge.* Order entered 15 February 1982 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 12 May 1983.

*Hamrick & Hamrick, by J. Nat Hamrick, for respondent appellant.*

*Whisnant, Lackey & Schweppe, by N. Dixon Lackey, Jr., for petitioner appellee.*

BECTON, Judge.

Rebecca B. Chamberlain, the only child of Herman A. Beam, deceased, filed this partition proceeding to have allocated to her in kind, one-half (½) in value of the undevised real estate in the estate of her late father. The trial court ordered an actual partition of the land despite the contention by Ellen B. Beam, the widow of Herman A. Beam and co-executrix of his estate, that "there can be no partition because these same lands must be sold to satisfy debts of the estate of Herman A. Beam." From that order, Ellen Beam appeals. For the reasons that follow, we affirm.

I

In 1978, Rebecca Chamberlain filed a *caveat* proceeding in superior court, but that proceeding terminated in favor of Ellen Beam, the widow, when the jury determined that the paper writing in question was the last will and testament of Herman A. Beam.

In 1979, while the estate was still in probate under the jurisdiction of the clerk, Rebecca Chamberlain brought a declaratory judgment action in superior court, seeking "an interpretation and construction of the Will of Herman A. Beam." The superior court found, among other things, that four tracts of real estate were not devised under the Will of Herman A. Beam and, therefore, passed under the intestate secession laws of the State of North Carolina, giving the petitioner, Rebecca B. Chamberlain, a one-half undivided interest in said property and giving the respondent, Ellen B. Beam, a one-half undivided interest in said property. The parties in their briefs indicate that the four tracts of undevised real property contain nearly four hundred acres of land.

In 1981, and while an order in the 1979 action was pending in this Court, Rebecca Chamberlain brought this special proceeding to partition the nearly four hundred acres of undevised real estate she owned as tenants in common with Ellen Beam. Rele-

vant portions of the trial court's order and supplemental order follow:

1. That this action be and is hereby remanded to the Clerk [of] Superior Court, Cleveland County, North Carolina, and that Clerk is hereby directed to proceed with the partition proceeding by actual division as sought in the petition and as provided for in Chapter 46 of the General Statutes of North Carolina all to the end that petitioner and respondent shall each hold their interest in the said real estate in severalty.

2. Each share shall be held subject to a lien in the amount determined to be proper by an Appellate Court or in the event the appeal taken from the Order of Judge Friday dated October 27, 1981, is dismissed, then in accordance with the Order of Judge Friday dated October 27, 1981.

3. Either party may discharge such lien upon payment to the Estate of Herman A. Beam of her share of the outstanding indebtedness determined under paragraph 2 just above.

Neither party shall sell or encumber in any manner the share allotted to them until the lien established hereby is fully discharged.

. . . .

That the Clerk [of] Superior Court is hereby authorized and directed to establish an account in this proceeding among the official bookkeeping records of her office to indicate receipts and disbursements of any funds paid by either petitioner or respondent to satisfy any liens upon the real property as divided as set forth in the Order of this Court dated February 15, 1982.

## II

Contending, first, that it is necessary for "the executors of the estate to sell the undevised realty to pay the debts of the estate" and, second, that Rebecca Chamberlain, as an heir "to whom none of this realty was devised, does not have a right to come into the court while the estate is still in probate and obtain an order dividing the undevised realty and giving her one-half, and one-half to another heir, Ellen B. Beam," Ellen Beam argues that

[t]o permit such an arrangement would be to take the responsibility from the executors of the estate as to how and in what manner they should raise the money to pay the debts of the estate . . . and permit an heir who has no official position in the estate itself to decide and obtain court approval on a division of the property before the debts are even ascertained and before it is ascertained how much property has to be sold to pay those debts.

Ellen Beam relies on N. C. Gen. Stat. § 28A-15-1(a) (1976), which directs that all property "of a decedent shall be assets available for the discharge of debts and other claims against his estate in the absence of a statute expressly excluding any such property," and on N. C. Gen. Stat. § 28A-15-5(a)(1) (1976), which directs that property not disposed of by the will should be the first assets appropriated or abated.

Rebecca Chamberlain, on the other hand, contends that she is entitled, as a matter of right, to hold her interest as a tenant in common with Ellen Beam, and that the trial court properly adjusted the "equities with respect to the property." We agree.

First, our law favors a partition in kind over a sale of land, if one can be accomplished equitably and fairly, since a partition does not compel a person to sell property against his or her will. *Brown v. Boger*, 263 N.C. 248, 256, 139 S.E. 2d 577, 582-83 (1965). Ellen Beam did not offer any evidence showing that actual partition could not be made without injury to some, or all, of the interested parties. This is especially significant since Rebecca Chamberlain, in her Reply, alleged that it was not necessary to sell any of the land and that the land could be divided and held subject to a lien for any amounts of debts or costs that the courts should direct be paid.

Second, the trial court could properly give great weight to Rebecca Chamberlain's position that it would not be in the best interests to sell the real property, considering the depressed real estate market and the probability that the real estate would never bring as much at public auction under adverse economic conditions as could be realized from a gradual sale at a later time, since under principles of equity, the court had authority to make any order necessary to do justice between the parties. On this issue we find *Raymer v. McLelland*, 216 N.C. 443, 5 S.E. 2d 321

(1939) controlling. In *Raymer*, after the payments of debts, legacies, and cost of administration, one-half of the land was to go to the widow and the other one-half to the heirs at law. Our Supreme Court held that the trial court in its equitable jurisdiction had the power to hear and determine the widow's claim that she be permitted to pay one-half the valid debts of the estate and charges of administration and thereupon have the lands allotted to her relieved of any further obligations of the estate.

We do not see how Ellen Beam can be prejudiced by the action of the trial court in the case *sub judice*. After the property is partitioned, the land will still be held subject to liens for whatever amounts the court directs must be paid. The trial court further ordered that neither party was to sell or encumber the share allotted to them until the lien established was fully discharged.

For the foregoing reasons, the order of the trial court is

Affirmed.

Judges WELLS and EAGLES concur.